IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| DEBORAH L. KELLY | : | BANKRUPTCY NO.: 5-06-bk-50110 |
|     DEBTOR | : | |
| | : | |
| STEPHEN C. VINCENTI and | : | {**Nature of Proceeding**: Motion to |
| VALERIE FOUCART-VINCENTI | : | Convert Case (#56) and Objection to |
|     MOVANTS/OBJECTORS | : | Confirmation of Chapter 13 Plan (#67)} |
| | : | |
|     vs. | : | |
| | : | |
| DEBORAH L. KELLY | : | |
|     RESPONDENT | : | |

*********************************************************************

| | | |
|---|---|---|
| CHARLES DeHART, TRUSTEE | : | {**Nature of Proceeding**: Objection to |
|     OBJECTOR | : | Confirmation of Chapter 13 Plan (#66)} |
| | : | |
|     vs. | : | |
| | : | |
| DEBORAH L. KELLY | : | |
|     RESPONDENT | : | |

*********************************************************************

| | | |
|---|---|---|
| STEPHEN C. VINCENTI and | : | {**Nature of Proceeding**: Complaint |
| VALERIE FOUCART-VINCENTI | : | Objecting to Discharge and Motion to |
|     PLAINTIFFS | : | Dismiss Debtors' Petition} |
| | : | |
|     vs. | : | |
| | : | |
| DEBORAH L. KELLY | : | |
|     DEFENDANT | : | ADVERSARY NO.: 5-06-ap-50141 |

*********************************************************************

# <u>OPINION</u>

    Objections to the Debtor's Chapter 13 Plan have been filed by a creditor and the

Chapter 13 Trustee.  There appears to be three arguments advanced.

    1.     Insufficient monthly payments are being devoted to the Plan.

[m:\users\cathy\opinions\5-06-bk-50110_Kelly.wpd]

2.       The unsecured creditors are receiving less than they would receive in Chapter 7.

3.       The case was filed in bad faith.

While the Chapter 13 Trustee has limited his objections to various line items in the Debtor's expense statement (Schedule J), the objecting creditors, Stephen and Valerie Foucart-Vincenti, have focused on the lack of good faith of the Debtor as well as § 1325(a)(4) which requires that unsecured claims receive at least as much as they would get under Chapter 7.  This has been known as the "best interest of creditors" test.

The Debtor was sued in 2003 by the Vincentis, who purportedly obtained a judgment for approximately $24,590.01.  See Proof of Claim #6 (actual judgment is not attached) and Debtor's Schedules.  The Debtor was married on June 26, 2004.  In July 2004, the Debtor transferred her solely owned real estate, her car, and her bank account, balance of which was $3,910.35, into joint names with her spouse, thus protecting the entireties property from the Debtor's individual obligations.  The real estate was, later that year, transferred to a third party for $112,000, the net proceeds of which were $42,121.41.  (Doc.#49, Amended Statement of Affairs filed October 5, 2006.)  On February, 8, 2006, the Debtor filed her bankruptcy.  At the time of filing, virtually all of the Debtor's assets were listed as owned jointly with her spouse. After being in Chapter 7, the Debtor converted to Chapter 13.  This current matter is before me on objections to the pending Chapter 13 Plan filed by the Trustee and the Vincentis and a Motion to Convert to Chapter 7 by the Vincentis.

The central point in the objection of the Vincentis is that, as unsecured creditors, they are not receiving as much as they would get if this case were a Chapter 7 since a Chapter 7 Trustee would pursue the conveyance of property into joint names as a fraudulent conveyance, return that property to the estate, liquidate, and, eventually, distribute the fund to all creditors.

The Debtor has freely acknowledged that she transferred her individual assets into joint ownership upon her marriage. By the tone of her testimony, she apparently believes that this is a customary practice among newly-married couples and should bear no negative repercussions. The transfer took place for virtually no consideration.

The transfer, having predated the bankruptcy by more than two years, is not covered by 11 U.S.C. A. § 548, which has a two year limitation. Rather, the objecting creditors point to the state fraudulent conveyance law, 12 Pa.C.S.A. § 5101 et seq., with a longer statute of limitations, as providing grounds for bringing the property back into the estate. State law has recognized a conveyance into joint names creating an entireties interest while insolvent as being fraudulent as to creditors. *Patterson v. Hopkins*, 247 Pa.Super. 163, 171, 371 A.2d 1378, 1382 (1977). The applicable provision of the fraudulent conveyance law of Pennsylvania is 12 Pa.C.S.A. § 5104. In this case, the Debtor, then subject to a claim in excess of $20,000, transferred virtually all of her assets into joint names with her spouse for nominal consideration, probably on the eve of judgment. The assets at the time had an equity that likely exceeded $40,000. A Chapter 7 Trustee would probably follow those assets in an attempt to return them to the estate

Case 4:06-bk-50110-JJT    Doc 83    Filed 10/12/07    Entered 10/12/07 11:37:51    Desc
Main Document      Page 3 of 5

and distribute to unsecured creditors. This determination is a necessary exercise under the best interests of creditors test. *In re Gordon*, 2005 Bankr. Lexis 1651 (Bkrtcy.D.Ore. 2005), *In re Larson*, 245 B.R. 609, (Bkrtcy.D.Minn. 2000), *In re Carter,* 4 B.R. 692, 693 (Bankr.D.Colo. 1980).

The current Plan proposed by the Debtor offers $4,550.04 to unsecured creditors over a 36 month period. I find that the Trustee can "reasonably be expected to succeed" in pursuing the alleged fraudulent conveyance. *Id.* at 693. While the record is sparse, which makes it difficult to estimate the liquidation value of this apparent fraudulent conveyance claim, I believe that I am required to utilize the only numbers available to me, which, as I earlier referenced, would amount to $40,000. That number is far greater than provided for in the Plan. Thus, the objection to the Plan must be sustained.

The Vincentis also have moved to reconvert this case to Chapter 7 suggesting that the Plan was offered in bad faith.

While the record contains significant evidence that the Debtor has conveyed her property prepetition in an attempt to hinder the creditor Vincentis, and has converted her original Chapter 7 to Chapter 13 in a further attempt to avoid exposing the equity transferred out, both items of which would be factors in dismissing (or presumably converting) this case on bad faith grounds, I am inclined to offer the Debtor an opportunity to advance a suitable Plan in an effort to secure a fresh start. The objections to the Plan are sustained and the Debtor is given 30 days to file an Amended Plan consistent with this disposition. If such an Amended Plan is not filed, the case is thereby

converted to Chapter 7.

To the extent that the above-captioned adversary raises issues dealing with the Chapter 7 discharge and § 707 dismissal, that adversary is only applicable in a Chapter 7 context and not Chapter 13. Accordingly, the adversary is suspended pending possible reconversion to Chapter 7 in the future.

An Order will follow.

Date: October 12, 2007

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*